Matthew John MATAGRANO,
Plaintiff–Appellant,

v.

CITY OF NEW YORK, Director Health And Hospitals Corporation, City of New York Commissioner Administration For Children Services, Jane Doe # 1, Administration for Children Services/Hard to Place Program, Deputy Commissioner Placement/Allocations Administration For Children Services, Defendants,

Salvation Army Social Services for Children, Janet Janet Goodman, Dr., MD/Metropolitan Hospital Center, Sheri Hite, Defendants–Appellees.

Docket No. 01–9011.

United States Court of Appeals, Second Circuit.

Sept. 13, 2002.

Matthew J. Matagrano, Jackson Heights, NY, pro se.

Cindy E. Molloy, Tratner and Molloy, New York, NY, for Appellee.

Present LEVAL, CALABRESI, and POOLER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is **AFFIRMED**.

Plaintiff Matthew John Matagrano, *pro se*, appeals from the district court's order discontinuing his action.

In October 1997, Matagrano brought a § 1983 action against numerous defendants, including the City of New York and appellees Salvation Army Social Services for Children ("Salvation Army") and its employee Sheri Hite, alleging that his constitutional rights had been violated when he was abused and deprived of proper medical attention in various institutions and foster homes, owned, operated, or staffed by defendants.

Before the case went to trial, the parties agreed to a settlement. In return for $15,000, Matagrano entered into a stipulated order of discontinuance with the City of New York and related defendants. Then, in exchange for a payment of $10,000, Matagrano entered into a stipulated order of discontinuance with defendant-appellees Salvation Army and Sheri Hite, which the district court so-ordered on December 3, 1999.

In August 2001, Matagrano filed a notice of appeal from the December 3, 1999 stipulated order of discontinuance, alleging a due process violation because defendants did not answer his interrogatories, reasserting his allegation of deprivation of medical care, and claiming his amended complaint was timely filed.

We do not reach the merits of Matagrano's claims because they are barred by his stipulation. By its express terms, the stipulated order terminated the action and released appellees "from any and all liability, claims, or rights of action arising out of the events alleged in the complaint in this action." Having freely entered into that bargain, Matagrano will not now be heard to reopen this litigation.